## Montana Twenty Second Judicial District Court.
### County of Carbon.

STATE OF MONTANA,
    Plaintiff,                               CAUSE NO. DC-14-048
-vs-                                        DECISION
PERRY L. BURNETT, JR.,
    Defendant.

On May 25, 2016, the Court sentenced the Defendant for violation of the conditions of probation, to a commitment of five (5) years in a prison designated by the Department of Corrections, with none of that time suspended for the offense of Count I: Failure to Register as a Sexual Offender, a Felony, in violation of §46-23-504, MCA. The Court granted credit for time served in the amount of eight (8) days. The Court did not grant credit for street time. Further, the Court ordered that the Defendant be restricted from parole for five (5) years. The Court found the imposition of a parole restriction appropriate for reasons subsequently enumerated in the sentence and judgment.

On November 17, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Adam Cook, a third year law student under the supervision of the Office of the State Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence is **AFFIRMED**.

Done in open Court this 17th day of November, 2016.

DATED this 8th day of December, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Brad Newman, Member and Hon. Kathy Seeley, Member.